# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# ST. JOSEPH DIVISION

| | |
|---|---|
| THE CINCINNATI SPECIALTY UNDERWRITERS INSURANCE COMPANY, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 5:22-cv-06010-RK |
| v. | )<br>) |
| KRISTY RICHARDS, THE BUNKHOUSE BAR & GRILL, | )<br>)<br>) |
| Defendants. | ) |

## ORDER

This is a diversity case seeking declaratory judgment as to Plaintiff The Cincinnati Specialty Underwriters Insurance Company's ("Cincinnati Specialty") coverage obligation under a liability insurance policy it issued to Defendant The Bunkhouse Bar & Grill. Before the Court is Defendant Kristy Richards' motion to dismiss. (Doc. 6.) The motion is fully briefed. (Docs. 7, 10, 11.) Ms. Richards argues this insurance-coverage declaratory judgment action should be dismissed under the *Wilton/Brillhart* abstention doctrine in light of a pending equitable garnishment and declaratory judgment action in Missouri state court she has brought against Cincinnati Specialty. After careful consideration and for the reasons explained below, the Court **ORDERS** that Ms. Richards' motion to dismiss (Doc. 6) is **GRANTED**, and this case is **DISMISSED** under the *Wilton*/*Brillhart* abstention doctrine.

I. **Background**

In 2018, Ms. Richards sued The Bunkhouse Bar & Grill and its owner/manager Rachel Jackson following a 2013 physical altercation outside the bar involving Ms. Richards, Ms. Jackson, and others. (Doc. 1 at 2-3, ¶¶ 9-13.) Ms. Richards asserted claims against The Bunkhouse Bar & Grill for negligence per se concerning violation of state liquor regulations and common law negligence concerning hiring and supervision of employees. (*Id*. at 3, ¶¶ 14-15.) Ms. Richards also asserted a claim for battery against Ms. Jackson. (*Id*. at ¶ 16.) At trial, the jury ultimately found in favor of Ms. Jackson as to Ms. Richards' battery claim, and in favor of Ms. Richards as to her negligence claims against The Bunkhouse Bar & Grill. (*Id*. at 5, ¶¶ 26-27.) On April 30, 2018, the Circuit Court of Platte County, Missouri, accordingly entered judgment in favor of Ms.

Richards against The Bunkhouse Bar & Grill in the amount of $405,000 plus costs and post-judgment interest. (*Id.* at ¶ 28.)

Less than one month later, on May 18, 2018, Cincinnati Specialty – which had issued a liability insurance policy to The Bunkhouse Bar & Grill at the time of the 2013 physical altercation ("2013 policy") – sent a check to Ms. Richards for $29,711.24 (representing a $25,000 policy limit plus costs and post-judgment interest). (*Id.* at 8, ¶ 33.) More than three years later, on September 28, 2021, Ms. Richards filed a garnishment action in state court against Cincinnati Specialty for $468,241.34. (*Id.* at ¶ 34.) Shortly after Cincinnati Specialty removed the garnishment action to federal court, Ms. Richards released the garnishment against Cincinnati Specialty. (*Id.* at ¶ 35); *see Richards v. The Bunkhouse Bar & Grill*, No. 5:21-cv-06142-RK (W.D. Mo.) (doc. 11 (order remanding the case to state court for lack of subject matter jurisdiction because the garnishment had been released)).

On January 17, 2022, approximately two months after it was released from garnishment in the prior action, Cincinnati Specialty filed this federal declaratory judgment action seeking a determination of its obligation under the 2013 policy as applied to Ms. Richards' 2018 judgment against The Bunkhouse Bar & Grill. (Doc. 1 at 8-9.) Specifically, Cincinnati Specialty seeks a declaratory judgment that it has fully satisfied its obligation under the 2013 policy by issuing the earlier payment to Ms. Richards. Cincinnati Specialty contends the 2013 policy includes a $25,000 limit for claims arising out of assault or battery (or the failure to prevent or suppress assault or battery). (*Id.* at 8, ¶¶ 37, 43.) On March 10, 2022, Ms. Richards filed an equitable garnishment and declaratory judgment action in the Circuit Court of Platte County, Missouri, against The Bunkhouse Bar & Grill and Cincinnati Specialty regarding coverage under the 2013 policy as it relates to her 2018 judgment against The Bunkhouse Bar & Grill. *Richards v. The Bunkhouse Bar & Grill, LLC*, No. 22AE-CC00066 (Cir. Ct. of Platte Cty.)

II. Discussion

Ms. Richards argues in her motion to dismiss that this Court should abstain from exercising its jurisdiction in Cincinnati Specialty's federal declaratory judgment action in favor of the pending equitable garnishment and declaratory judgment action before the Circuit Court of Platte County. Cincinnati Specialty argues the Court should continue to exercise its jurisdiction in this federal case notwithstanding the parallel state-court insurance-coverage lawsuit.

### A. Whether abstention under the *Wilton/Brillhart* abstention doctrine is appropriate in this case

Generally, federal courts "must exercise [their] jurisdiction over a claim unless there are 'exceptional circumstances' for not doing so." *Scottsdale Ins. Co. v. Detco Indus., Inc.*, 426 F.3d 994, 996 (8th Cir. 2005) (citing *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 16-19 (1983); *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 818 (1976)). However, where (as here) a federal lawsuit seeks relief under the Declaratory Judgment Act, 28 U.S.C. § 2201, the United States Supreme Court has recognized that federal courts have "greater discretion" to "decline to enter a declaratory judgment" when there is a parallel action pending in state court. *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 & 287 (1995); *accord Royal Indem. Co. v. Apex Oil Co.*, 511 F.3d 788, 792-93 (8th Cir. 2008) (recognizing "in a declaratory judgment action, a federal court has broad discretion to abstain from exercising jurisdiction even if there are no exceptional circumstances as articulated in *Colorado River*") (citation omitted).

In *Wilton*, the Supreme Court explained: "If a district court, in the sound exercise of its judgment, determines after a complaint is filed that a declaratory judgment will serve no useful purpose, it cannot be incumbent upon that court to proceed to the merits before staying or dismissing the action." 515 U.S. at 288. The guiding inquiry is "'whether the questions in controversy between the parties to the federal suit, and which are not foreclosed under the applicable substantive law, can better be settled in the proceeding pending in the state court.'" *Id.* at 282 (quoting *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)).

In other words, "[w]hen there is a federal declaratory judgment action and a parallel state court proceeding, 'the normal principle that federal courts should adjudicate claims within their jurisdiction yields to considerations of practicality and wise judicial administration.'" *GEICO Cas. Co. v. Isaacson*, 932 F.3d 721, 724 (8th Cir. 2019) (quoting *Wilton*, 515 U.S. at 288). "Rendering a declaratory judgment where there are parallel state court proceedings and no issues of federal law would ordinarily be uneconomical as well as vexatious." *Id.* at 724 (citation and quotation marks omitted). The Eighth Circuit has set forth the operative consideration in this context as follows:

> [I]n [d]eciding whether to entertain a declaratory judgment action, a district court should determine if the question in controversy would be better settled in the proceedings in state court. This analysis includes whether the state case involves the same issues and parties as the federal declaratory case, whether all claims can

3

be decided in the state court, and whether all parties are joined and amenable to process there. The issues cannot be governed by federal law.

*Cincinnati Indem. Co. v. A&K Constr. Co.*, 542 F.3d 623, 625 (8th Cir. 2008) (citations omitted); *accord Lexington Ins. Co. v. Integrity Land Title Co., Inc.*, 721 F.3d 958, 967 (8th Cir. 2013) (when a parallel state action is pending vis-à-vis a federal declaratory judgment action, a federal court's discretionary decision whether to abstain in a declaratory judgment action "is to be guided by considerations of judicial economy, by considerations of practicality and wise judicial administration, and with attention to avoiding gratuitous interference with state proceedings") (citations and quotation marks omitted) (cleaned up).

Ms. Richards argues that the equitable garnishment and declaratory judgment action now pending in state court is parallel to this federal declaratory judgment action and that the Court should accordingly abstain from exercising its jurisdiction in this case under the *Wilton/Brillhart* abstention doctrine. Ms. Richards argues that abstention is appropriate here because the issue in controversy is the same – i.e., Cincinnati Specialty's obligation under the 2013 policy applied to the 2018 judgment against The Bunkhouse Bar & Grill – and is a controversy that squarely involves issues of state (not federal) law. Thus, Ms. Richards argues the state court is in the best position to interpret the 2013 policy as applied to her 2018 judgment. Cincinnati Specialty does not challenge Ms. Richards' characterization of the equitable garnishment and declaratory judgment action now pending in state court as parallel to this federal case. *See Scottsdale Ins.*, 426 F.3d at 997 ("Suits are parallel if substantially the same parties litigate substantially the same issues in different forums.") (citations and quotation marks omitted). Rather, Cincinnati Specialty argues that the Court should simply continue to exercise its jurisdiction in this case.

First, Cincinnati Specialty relies on *AMCO Insurance Co. v. Columbia Maintenance Co.*, 510 F. Supp. 3d 836 (E.D. Mo. 2020), in which the district court declined to abstain from exercising jurisdiction in a federal declaratory judgment action despite parallel state proceedings. In *AMCO*, the district court found that abstention would not serve the relevant considerations of practicality, wise judicial administration, and judicial economy because (1) the insurance-coverage dispute did not involve complicated or unsettled issues of state law; (2) discovery and briefing on dispositive motions in the federal declaratory judgment action had been completed just shortly after the two parallel actions were filed in state court; and (3) all of the insurance-coverage issues were ripe for decision in the single federal declaratory action, compared with two separate actions filed in state court involving the same insurance-coverage issues. *Id.* at 846. Moreover, the district

4

court noted that "the only reason [summary judgment] briefing was not complete months *before* commencement of the state actions was due to . . . [the defendants'] dubious-in-retrospect request for extension." *Id.*

Cincinnati Specialty argues that the Court should follow *AMCO* and decline to abstain from exercising its jurisdiction in this case, particularly because it "involves a routine matter of policy construction." (Doc. 10 at 5.) The interpretation of an insurance policy – as a question of state law – is not an issue to which federal courts are unaccustomed to adjudicating. The Court does recognize that this case appears at least at first glance to include some flavor of complexity. As Cincinnati Specialty pleads in its declaratory-judgment complaint in this case, the applicable 2013 policy includes a $25,000 policy limit for injuries "arising out of . . . [a]n actual or threatened assault or battery" or "[t]he failure . . . to prevent or suppress assault or battery." (Doc. 1 at 6, ¶ 31.) Cincinnati Specialty's position appears to be that this policy limit applies to Ms. Richards' 2018 judgment against The Bunkhouse Bar & Grill because that judgment "arose out of an assault or battery against Kristy Richards" or "Bunkhouse's failure to prevent or suppress an assault or battery against Kristy Richards." (*Id.* at 8, ¶¶ 38-40.) On the other hand, as best as the Court understands the opposing argument to be, Ms. Richards would contend the policy limit does not apply in this case because the 2018 judgment found that Ms. Jackson was not liable for battery against Ms. Richards. (*See* Doc. 7 at 2-3, ¶¶ 6-7.) To the extent there is any tension or complexity in the interpretation of the 2013 policy in light of the 2018 judgment (the judgment both giving rise to Cincinnati Specialty's obligation to Ms. Richards under the policy and finding against Ms. Richards on her battery claim against Ms. Jackson), the state court would be in the best position to square the 2013 policy limitation with the 2018 judgment. Nonetheless, regardless of the actual complexity of the insurance-coverage issue in this case, unlike in *AMCO* insurance, this federal declaratory judgment lawsuit remains in the very earliest stages of litigation. No discovery has been completed and no answer has been filed; only Ms. Richards' motion to dismiss on abstention grounds and the parties' briefing on this motion has been filed. For this reason alone, the Court finds *AMCO* distinguishable and unpersuasive.

Second, Cincinnati Specialty emphasizes the timeline following Ms. Richards' 2018 judgment against The Bunkhouse Bar & Grill. Specifically, it points to Ms. Richards' garnishment action having been filed three years after the 2018 judgment, and that after releasing Cincinnati Specialty from that garnishment, Ms. Richards waited two more months to file the equitable

garnishment and declaratory judgment action in state court (indeed, doing so after Cincinnati Specialty had filed the instant declaratory judgment action). (Doc. 10 at 6.) Cincinnati Specialty relies on *Commercial Union Insurance Companies v. Torbaty*, 955 F. Supp. 1162 (E.D. Mo. 1997), declining to apply the so-called "first-filed rule" and dismissing a federal declaratory judgment action on abstention grounds. *Id.* at 1163.

The "first-filed rule" advances the basic principle that "'the first court in which jurisdiction attaches has priority to consider the case.'" *Id.* (quoting *Orthmann v. Apple River Campground Inc.*, 765 F.2d 119, 121 (8th Cir. 1985)). The first-filed rule is not, however, to be applied rigidly or mechanically, "but is to be applied in a manner best serving the interests of justice." *Nw. Airlines, Inc. v. Am. Airlines, Inc.*, 989 F.2d 1002, 1005 (8th Cir. 1993) (citation and quotation marks omitted).[1] "However, in the context of determining whether to exercise jurisdiction under the Declaratory Judgment Act, the Court is less compelled to strictly follow a first filed doctrine." *HBE Corp. v. Burrus*, No. 4:09CV906 HEA, 2009 WL 3517532, at *3 (E.D. Mo. Oct. 23, 2009) (citing *Wilton*, 515 U.S. at 280; other citation omitted). Indeed, this district has previously noted that the Eighth Circuit has largely rejected the same kind of dispositive-in-nature first-to-file argument Cincinnati Specialty asserts here. *Seneca Specialty Ins. Co. v. Garcia Empire, LLC*, No. 2:17-cv-04119-NKL, 2018 WL 1005406, at * (W.D. Mo. Feb. 21, 2018) (citing *Haverfield*, 218 F.3d at 873-74 & 875; *W. Heritage Ins. Co. v. Sunset Sec., Inc.*, 63 F. App'x 965, 967 (8th Cir. 2003)). That the state equitable garnishment and declaratory judgment action was filed after this federal declaratory judgment action is of minimal import here, particularly where this case is in the earliest stages of litigation. *See First Chi. Ins. Co. v. Stinson*, No. 5:21-cv-06042-DGK, 2021 WL 5041221, at *2 (W.D. Mo. Oct. 29, 2021).

In reviewing the relevant abstention factors, the Court finds it should abstain from exercising its jurisdiction in this declaratory judgment action. The state court is better positioned to determine the insurance-coverage issue in the parallel sate equitable garnishment and

---

[1] In *Torbaty*, the district court explained that the "first-filed rule" should *not* be applied (and a first-filed declaratory judgment action should instead be dismissed in favor of the latter-filed state action) if the plaintiff in the first-filed action "acted in 'bad faith' or filed suit as a 'race to the courthouse.'" 955 F. Supp. at 1163 (citing *Nw. Airlines*, 989 F.2d at 1007). Nothing suggests Cincinnati Specialty acted in bad faith or with improper ulterior motives in filing this federal declaratory judgment action when it did. In fact, it did so approximately two months after Ms. Richards had released Cincinnati Specialty from the initial garnishment filed against it. As explained in the text above, however, that Cincinnati Specialty (as the plaintiff) did not appear to act in bad faith in filing this federal action does not mean the first-filed rule is dispositive in Cincinnati Specialty's favor as to the abstention issue raised by Ms. Richards.

declaratory judgment action, raising purely issues of state law. Moreover, abstaining from exercising jurisdiction in this declaratory judgment action will avoid the easily conceivable risk of inconsistent verdicts.[2] Proceeding in this federal case under these circumstances, particularly where this case is in the earliest stages of litigation, would be uneconomical and vexatious under *Wilton*. *See Royal Indem.*, 511 F.3d at 796-97 (affirming district court's decision to abstain in declaratory judgment action under *Wilton* and *Brillhart*).

### B. Whether this case should be dismissed or stayed

In *Wilton*, the Supreme Court explained that when abstention is appropriate considering a parallel state proceeding, a stay (rather than dismissal) may be "the preferable course, because it assures that the federal action can proceed without risk of a time bar if the state case, for any reason, fails to resolve the matter in controversy." 515 U.S. at 288 n.2; *accord Int'l Ass'n of Entrepreneurs of Am. v. Angoff*, 58 F.3d 1266, 1271 (8th Cir. 1995) (recognizing "a stay rather than a dismissal is the preferred mode of abstention"). As the Eighth Circuit made clear in *Royal Indemnity*, district courts should stay – rather than dismiss – a case when abstaining under the *Wilton*/*Brillhart* framework when there is a possibility that the state case may proceed in a manner in which abstention would no longer be appropriate. 511 F.3d at 797 (vacating order of dismissal upon abstention and remanding the case to be stayed because the state court "could potentially grant the motions to dismiss . . . leading to different parties in each lawsuit and perhaps creating non-parallel proceedings"). Put another way, the district court should stay – rather than dismiss – a federal case when otherwise abstaining from exercising its jurisdiction in the federal case if it is "possible that further proceedings may prove necessary." *Angoff*, 58 F.3d at 1271. (citations omitted).

Here, it seems the scope and nature of Ms. Richards' equitable garnishment and declaratory judgment action in state court will easily encompass and fully resolve the policy-interpretation issue asserted by Cincinnati Specialty in this federal declaratory judgment action. Cincinnati Specialty does not provide any argument to the contrary.[3] Accordingly, dismissal of

---

[2] In this vein, the Court notes that the state court denied Cincinnati Specialty's motion to dismiss on abatement grounds in that proceeding in light of this federal case. Case No. 22AE-CC00066 (order dated July 11, 2017, denying Cincinnati Specialty's motion to dismiss or stay).

[3] And as noted in footnote 2, above, the state court declined to apply the doctrine of abatement (or the pending action doctrine) to dismiss or stay Ms. Richards' equitable garnishment and declaratory judgment action in state court. Had the state court not yet ruled on Cincinnati Specialty's motion to dismiss at the time of this order, a stay rather than dismissal may well have been warranted. But the state court has

7

this federal declaratory judgment action is appropriate given the concurrent equitable garnishment and declaratory judgment action in state court involving the same parties and ultimately the same legal issues to finally resolve the interpretation of the 2013 Policy. *See Garcia Empire*, 2018 WL 1005406, at *3; *Westfield Ins. Co. v. Lang*, No. 16-06096-CV-SJ-RK, 2017 WL 106125, at *4 (W.D. Mo. Jan. 10, 2017); *Gander Mountain Co. v. Arnold Crossroads, LLC*, No. 4:10CV167-DJS, 2010 WL 1170014, at *3 (E.D. Mo. Mar. 23, 2010).

### C. Conclusion

For the reasons explained above, the Court finds abstention under the *Wilton/Brillhart* framework is appropriate in this case. Therefore, Ms. Richards' motion to dismiss (Doc. 6) is **GRANTED**, and this case is **DISMISSED** in light of the parallel action for equitable garnishment and declaratory judgment now pending in state court that will finally resolve the policy interpretation dispute.

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: September 13, 2022

---

ruled on Cincinnati Specialty's motion to dismiss on abatement grounds and declined to dismiss Ms. Richards' state case. *See supra* note 2.